Joseph Panvini (028359)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
jpanvini@AttorneysForConsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lynde Saulpaugh, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Potts Law Offices, PLLC, as successor in | ) |
| interest to Potts & Waldron, P.C. and | ) |
| Waldron Law Group, PLLC, as successor | ) |
| in interest to Potts & Waldron, P.C., | ) |
| | ) |
| Defendants. | ) |

## NATURE OF ACTION

1.      This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, and/or where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff, Lynde Saulpaugh ("Plaintiff"), is a natural person.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, Potts Law Offices, PLLC, as successor in interest to Potts & Waldron, P.C. ("Potts"), is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.    Defendant, Waldron Law Group, PLLC, as successor in interest to Potts & Waldron, P.C. ("Waldron"), is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8.    Potts and Waldron (collectively "Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9.    Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendants.

10.    Plaintiff's alleged obligation asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, homeowner's association assessments and charges for a personal residence located at 28217 North Quartz Way, Queen Creek, Arizona 58243 (the "Debt").

11.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12.     In connection with the collection of the Debt, Defendants sent Plaintiff initial written communication dated March 28, 2012 to her Crofton, Maryland address, and in such communication, stated in relevant part:

> This firm represents The Village of Copper Basin Community Association (the "Association").  If you are not aware, failure to pay assessments to the Association **can potentially result in legal action against you as well as foreclosure of your home within the community.**
>
> To avoid the risk of further legal action, please pay the balance in full as outlined below as soon as possible.  Provided you have not made any recent payments to the Association, and provided we are not required to take any further action related to your delinquency, through **April 28, 2012** your balance will be **$6,976.68,** broken down as follows:
>
> | | |
> |---|---|
> | $6,885.68 | Balance as of March 28, 2012 ledger enclosed |
> | $76.00 | April 2012 Monthly Assessement [sic] |
> | $15.00 | April 2012 Late Fee |
> | **$6,976.68** | TOTAL Due by **April 28, 2012** |

*See* March 28, 2012 Correspondence, attached as Exhibit "A." [emphasis in original.]

13.     Plaintiff did not receive Defendants' letter dated March 28, 2012 until several days after the date of the letter.

14.     By demanding payment by April 28, 2012, Defendants demanded payment from Plaintiff within the thirty-day period provided by 15 U.S.C. § 1692g(a), which begins following the consumer's *receipt* of the initial written communication.

15.     Defendants' March 28, 2012 communication included an accounting ledger, which contained a charge described as "Transfer for Legal Action," leading the least sophisticated consumer to believe that legal action against her was imminent, or had already been commenced.  *See* March 28, 2012 HOA Ledger, attached as Exhibit "B."

16.     Defendants' March 28, 2012 communication, which also demanded that payment be made by Plaintiff within thirty days "[t]o avoid risk of further legal action," was an implied threat to commence litigation against Plaintiff.

17.     In addition to threatening suit within the initial thirty (30) day dispute period, Defendants qualified their threat by stating "provided we are not required to take any further action," indicating that litigation against Plaintiff could be initiated at any time.

18.     Defendants' statements in the March 28, 2012 communication were inconsistent with and overshadowed Plaintiff's rights pursuant to 15 U.S.C. § 1692g(a).

19.     Nowhere in its March 28, 2012 communication did Defendants explain how their threats of suit and demands for payment within the thirty day period were consistent with Plaintiff's rights under 15 U.S.C. § 1692g(a).

20.     By failing to explain how its demands for payment and threats of legal action within the thirty day period comport with Plaintiff's rights under section 1692g, Defendants' letter confuses the least sophisticated consumer and overshadows the required notices, encouraging the consumer to forego their statutory rights and pay the debt before expiration of the thirty day period, or else suffer adverse consequences.

21.     Despite sending previous communications to Plaintiff's Crofton, Maryland address and having knowledge that Plaintiff was a resident of Maryland, Defendants attempted to serve Plaintiff with process in July 2012 at Plaintiff's father's residential address in North Fort Meyers, Florida.  *See* Summons, attached as Exhibit "C."

22.     Defendants thereafter attempted to charge Plaintiff for the costs of additional service when Plaintiff could not be served at her father's address, thereby adding unreasonable and unnecessary fees to the amount it was attempting to collect. *See* November 7, 2012 HOA Ledger, attached as Exhibit "D."

23.     By attempting to serve Plaintiff court documents at a residential address other than Plaintiff's actual address, despite having knowledge of Plaintiff's actual address, and then attempting to charge Plaintiff for the costs of said service, Defendants used false representations and unfair or unconscionable means against Plaintiff in connection with the collection of the Debt.

24.     On or about March 5, 2009, Plaintiff entered into a final and binding consent decree of dissolution of marriage with her ex-husband, Kenneth Burnside, in the Superior Court of Arizona in and for Maricopa County, case number FC2007-093437.

25.     The court awarded Kenneth Burnside "as his sole and separate property the marital residence located at 28217 North Quartz Way, Queen Creek, Arizona 58243 subject to any and all liens, encumbrances thereon."

26.     Therefore, Plaintiff is not responsible for the Debt, as decreed by a court of competent jurisdiction.

27.     Plaintiff sent Defendants a copy of the divorce decree after receiving their demand for payment.

28.     On or about November 7, 2012, Waldron sent Plaintiff written correspondence stating that it had received the divorce decree, and still demanded payment from Plaintiff for the Debt, in the amount of $8,631.18.  *See* November 7, 2012 Correspondence, attached as Exhibit "E."

29.     As a result of Defendants' conduct, Plaintiff has incurred actual damages, including time and expense in responding to and defending against Defendants' attempts to collect the Debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

30.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

31.     Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendants violated 15 U.S.C. § 1692e(2)(A);

    b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692g(b)**

32.    Plaintiff repeats and re-alleges each and every factual allegation contained above.

33.    Defendants violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a), in its March 28, 2012 initial written communication to Plaintiff, including by demanding payment within the thirty (30) day dispute period, and threatening legal action against Plaintiff with no explanation as to how its threats of legal action and demands for payment within the thirty day period were consistent with Plaintiff's right to dispute the debt within thirty days after receipt of the letter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendants violated 15 U.S.C. § 1692g(b);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(10)**

34. Plaintiff repeats and re-alleges each and every factual allegation contained above.

35. Defendants violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited to: misrepresenting that Plaintiff owed the Debt, even after Plaintiff provided Defendants with evidence that the Debt is the sole and separate responsibility of another person, and by attempting to serve Plaintiff court documents at a residential address other than Plaintiff's actual address, despite having knowledge of Plaintiff's actual address.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f

36.   Plaintiff repeats and re-alleges each and every factual allegation contained above.

37.   Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt, including, but not limited to: continuing to attempt to collect the Debt from Plaintiff, even after Plaintiff provided Defendants with evidence that the Debt is the sole and separate responsibility of another person, and attempting to serve Plaintiff court documents at a residential address other than Plaintiff's actual address, despite having knowledge of Plaintiff's actual address, and then attempting to charge Plaintiff for the costs of doing so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated 15 U.S.C. § 1692f;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f)   Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

38.   Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 6th day of December, 2012

By: s/Joseph Panvini
Joseph Panvini (028359)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
jpanvini@AttorneysForConsumers.com
Attorney for Plaintiff